UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
MEDFORD DIVISION

| | |
|---|---|
| Jamie Krumenacker<br><br>　　　Plaintiff,<br>v.<br><br>Premier Recovery Group, Inc.<br><br>　　　Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Jamie Krumenacker, ("Jamie"), is a natural person who resided in Gold Beach, Oregon, at all times relevant to this action.

2. Defendant, Premier Recovery Group, Inc., ("PRG"), is a New York Corporation that maintained its principal place of business in Buffalo, New York, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. The Court has supplemental jurisdiction for the Oregon Unlawful Collection Practices Act claim.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

5. This Court has personal jurisdiction over Defendant because a substantial part of the events giving rise to this claim occurred in this judicial district and Defendant purposefully availed themselves of collecting debts in Oregon and it is reasonably foreseeable that a debt collector would be sued for an FDCPA violation in a state where they collect debts.

## STATEMENT OF FACTS

6. At all times relevant to this action, PRG collected consumer debts.

7. PRG regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of PRG's revenue is debt collection.

9. PRG is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. As described, *infra*, PRG contacted Jamie to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

12. Jamie is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On or around July 15, 2013, PRG began contacting Jamie on her home telephone in connection with the collection of a debt.

14. During each communication, Jamie informed PRG she was not sure if the debt was valid.

15. Jamie has not received any written communication from PRG.

16. During one communication, Jamie informed PRG that while Jamie wanted to make payments if she indeed owed the debt, Jamie would not make any payments until she received written validation of the debt from PRG.

17. In response to Jamie's request for validation of the debt, PRG threatened to file a lawsuit against Jamie if she did not make payments on the debt.

18. PRG has not filed a lawsuit against Jamie.

19. PRG never intended to file a lawsuit against Jamie.

20. On one occasion, PRG threatened to contact Jamie's employer if Jamie did not make payments on the debt.

21. PRG has not contacted Jamie's employer.

22. PRG never intended to contact Jamie's employer.

23. Finally, Jamie, realizing PRG would not validate the debt, requested PRG cease further calls to Jamie.

24. Despite this request, PRG called Jamie on more than one occasion in connection with the collection of the debt.

25. On more than one occasion, Jamie requested PRG cease further calls to Jamie.

26. PRG caused Jamie severe emotional distress.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. Defendant violated 15 U.S.C. §1692g by failing to send Plaintiff the required notice within five days of Defendant's initial communication with Plaintiff.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

37. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

38. Defendant violated 15 U.S.C. §1692g by continuing its efforts to collect the debt without first validating the debt pursuant to Plaintiff's written request.

## COUNT SEVEN

### Violation of the Oregon Unlawful Collection Practices Act

39. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

40. Defendant violated § 646.639 by threatening to take any action which the debt collector in the regular course of business does not take and in the process using abusive language in communicating with a debtor.

## JURY DEMAND

41. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

42. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. Judgment against Defendant for actual damages, statutory damages, punitive damages, injunctive and equitable relief, costs and reasonable attorney's fees pursuant to § 646.641.

   c. For such other legal and/or equitable relief as the Court deems appropriate.


RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC, LPA


By:   /s/ Tom McAvity
One of Plaintiff's Attorneys


*Of Counsel*
Tom McAvity, Esq.
2225 NE Alberta, Suite A
Portland, OR 97211
503-860-6868